FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 23, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NANCY CHRISTINE ZIMMERMAN, | No. 2:17-CV-0112-JTR |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 15, 16. Attorney Dana Chris Madsen represents Nancy Christine Zimmerman (Plaintiff); Special Assistant United States Attorney Danielle R. Mroczek represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on March 11, 2013, alleging disability since May 8, 2012, due to a mental impairment (head injury), breathing problems, pain and tingling, memory issues, and back/rib issues. Tr. 205, 207, 229. The applications

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

were denied initially and upon reconsideration. Administrative Law Judge (ALJ) Jesse K. Shumway held a hearing on May 19, 2015, Tr. 41-83, and issued an unfavorable decision on July 21, 2015, Tr. 12-25. The Appeals Council denied Plaintiff's request for review on January 30, 2017. Tr. 1-7. The ALJ's July 2015 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on March 27, 2017. ECF No. 1, 4.

## STATEMENT OF FACTS

Plaintiff was born on September 15, 1958, and was 53 years old on the alleged onset date, May 8, 2012. Tr. 207. Plaintiff completed school through the eighth grade, Tr. 230, and has past relevant work as a caregiver and dishwasher, Tr. 58-60. Plaintiff indicated she stopped working her last job as a dishwasher because it became too difficult for her. Tr. 60. Plaintiff's disability report indicates she stopped working on August 1, 2009, because of her conditions and other reasons. Tr. 230.

At the administrative hearing, Plaintiff testified she has constant leg pain and problems with both shoulders, more significant on the right. Tr. 60-61, 72. Plaintiff also complained of neck pain, problems breathing, and prior cancer of the tongue. Tr. 62-63. With regard to her functioning, she stated she could lift a gallon of milk and probably a 16 pound bowling ball. Tr. 66. She did not mention any issues with standing, walking or bending. Tr. 65. Plaintiff reported she was able to do her own grocery shopping, drive a car, climb stairs, do the vacuuming and laundry, and cook and clean (including scrubbing the toilet and the tub). Tr. 67-69, 72. She indicated she was responsible for mowing the lawn in the summer and shoveling the snow in the winter in 2013; however, she no longer performs these tasks because it has become too difficult for her. Tr. 71-72.

Plaintiff testified at the administrative hearing that she had recently decreased her alcohol intake. Tr. 69. A few months prior to the hearing she

learned of an issue with her liver and thereafter reduced her alcohol intake to no more than three or four shots of rum a day. Tr. 69-70. Prior to that, she was drinking about a fifth of rum per day. Tr. 70.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through

four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs which claimant can perform exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On July 21, 2015, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since May 8, 2012, the alleged onset date. Tr. 14.

At step two, the ALJ determined Plaintiff had the following severe impairments: right shoulder impingement, borderline intellectual functioning, and alcohol abuse. Tr. 14.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 16.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform a full range of medium exertion level work, but with the following limitations: she could not climb ladders, ropes, or scaffolds and could only frequently climb stairs and ramps and crawl; she could not reach overhead with her right upper extremity and could only frequently perform other reaching with her right upper extremity; she must avoid concentrated exposure to extreme

cold, extreme heat, vibration, and pulmonary irritants; she must avoid all exposure to hazards such as unprotected heights and moving mechanical parts; and she was limited to simple, routine and repetitive tasks with a reasoning level of two or less. Tr. 17.

At step four, the ALJ found Plaintiff was unable to perform her past relevant work. Tr. 23. However, at step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience and RFC, Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including the jobs of cook-helper, laundry worker II and laborer, stores. Tr. 24-25. The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from May 8, 2012, the alleged onset date, through the date of the ALJ's decision, July 21, 2015. Tr. 25.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly discrediting Plaintiff's symptom claims; (2) improperly weighing the medical opinion evidence; and (3) failing to apply the Medical Vocational Guidelines (grids). ECF No. 15 at 7. Plaintiff additionally questions whether the ALJ's errors are harmless and/or ancillary and what the proper remedy is in this case. *Id*.

## DISCUSSION

**A.    Medical Opinion Evidence**

Plaintiff contends the ALJ erred by failing to properly consider the medical opinion evidence of record regarding Plaintiff's physical functioning capacity. ECF No. 15 at 10-12. Plaintiff specifically challenges the ALJ's evaluations of consultative examiner A. Peter Weir, M.D., and medical expert Lynne Jahnke,

M.D., and the ultimate determination that Plaintiff was capable of performing medium exertion level work. *Id.*

In making findings regarding the medical opinion evidence of record, the ALJ must set forth specific, legitimate reasons that are based on substantial evidence in the record. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is additionally required to set forth the reasoning behind his or her decisions in a way that allows for meaningful review. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (finding a clear statement of the agency's reasoning is necessary because the Court can affirm the ALJ's decision to deny benefits only on the grounds invoked by the ALJ). "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014).

On October 28, 2011, a few months prior to the alleged onset date, Robin Gunn, PA-C, completed a Department of Social and Health Services form and determined Plaintiff would be capable of performing only light exertion level work with certain environmental restrictions. Tr. 392-393. The ALJ accorded the physician assistant's opinion "little weight." Tr. 22. While this finding is not contested by Plaintiff, the Court notes this is one of several medical opinions of record which concluded Plaintiff was not capable of performing medium exertion level work as determined by the ALJ in this case. *See infra.*

The ALJ accorded the July 2013 opinion of state agency reviewing physician Robert Hander, M.D., Tr. 123-125, "great weight" as consistent with the overall evidence of record. Tr. 23. A review of the record does not support this conclusion. Instead, it appears Dr. Hander is the only medical professional of record who found Plaintiff capable of performing medium exertion level work. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) ("The opinion of a

nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."); *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990) (finding a nonexamining doctor's opinion "with nothing more" does not constitute substantial evidence).

The ALJ also partially relied on the opinion of the medical expert, Lynne Jahnke, M.D., for a conclusion that Plaintiff would be capable of performing medium exertion level work.[1]  Tr. 21.  However, Dr. Jahnke specifically testified it was her opinion that Plaintiff could perform work at the light exertional level: lifting only 20 pounds occasionally and 10 pounds frequently[2] with other postural and environmental limitations.  Tr. 54-55.  When the ALJ asked Dr. Jahnke to consider whether Plaintiff might be capable of lifting 50 pounds occasionally and 25 pounds frequently (medium exertion level), Dr. Jahnke replied that "she might be."  Tr. 55.  Although Dr. Jahnke thereafter stated there was "no other reason" other than Plaintiff's stature and age that would prevent Plaintiff from being able to lift 50 or 25 pounds, Tr. 55, Dr. Jahnke did not "acknowledge that, if she were to assess the claimant's functional capacity without regard for her age and body habitus, she would opine the claimant is capable of lifting 50 pounds occasionally, and 25 pounds frequently," as stated by the ALJ in this case, Tr. 21.  Based on the foregoing, the Court finds Dr. Jahnke's testimony ambiguous and so requires clarification.  *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

---

[1] Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.  20 C.F.R. §§ 404.1567(c), 416.967(c).

[2] Light level work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  20 C.F.R. §§ 404.1567(b), 416.967(b).

Nevertheless, Dr. Jahnke, like Dr. Hander, is merely a nonexamining physician in this matter and, as such, is generally entitled to the least amount of weight among acceptable medical sources. *See Lester*, 81 F.3d at 830.

It appears that A. Peter Weir, M.D., is the only medical professional to have performed a physical examination of Plaintiff during the relevant time period in this case. Tr. 477-481. An examining physician's opinion is given more weight than that of a nonexamining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester*, 81 F.3d at 830. After a thorough examination, Dr. Weir opined that Plaintiff could lift only up to ten pounds and was limited in pulling, pushing and reaching with her upper right extremity. Tr. 20, 481. The ALJ rejected these opinions by Dr. Weir, reasoning that they were not supported by the record as a whole and inconsistent with Dr. Weir's own examination results, specifically concluding that Dr. Weir's examination findings of no arthritis, no muscle weakness and no atrophy contradicted the assessed lifting restrictions. Tr. 20.

It is well established that an ALJ many not substitute his own medical judgment for that of a doctor. *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (finding it is improper for an ALJ to act as his own medical expert); *McBrayer v. Secretary of Health and Human Servs.*, 712 F.2d 795, 799 (2d Cir. 1983) ("[W]hile an [ALJ] is free to resolve issues of credibility as to lay testimony or to choose between properly submitted medical opinions, he is not free to set his own expertise against that of a physician who [submitted an opinion to or] testified before him."); *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) (finding an ALJ is "not at liberty to ignore medical evidence or substitute his own views for uncontroverted medical opinion"; he is "simply not qualified to interpret raw medical data in functional terms."); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) (The ALJ "must not succumb to the temptation to play doctor and make [his] own independent medical findings.").

Here, the ALJ erred by impermissibly substituted his own interpretation of the examination findings for that of the examining doctor. While the ALJ further found that Dr. Weir's assessed limitations were not supported by the record as a whole, the ALJ does not specify what record evidence undermined Dr. Weir's opinions, *see Brown-Hunter*, 806 F.3d at 492, nor is the Court aware of any evidence, other than the state agency reviewer opinion noted above, that indicates Plaintiff is capable of performing work at the physical exertional level determined by the ALJ in this case.

The Court concludes the ALJ erred by failing to provide cogent, specific, and legitimate reasons for rejecting examining physician Weir's opinion that Plaintiff would be limited to lifting only up to ten pounds and in pulling, pushing and reaching with her upper right extremity. A remand is required for reconsideration of Dr. Weir's physical assessment and for further development of the record.

**B.     Plaintiff's Subjective Complaints**

Plaintiff also contends the ALJ erred by improperly discrediting her symptom claims. ECF No. 15 at 7-10.

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the

///

claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely credible. Tr. 18.

The ALJ listed the following reasons for finding Plaintiff's subjective complaints only partially credible in this case: (1) Plaintiff's daily activities were inconsistent with her allegations of disabling functional limitations; (2) the objective medical evidence did not support her allegations; (3) Plaintiff failed to follow medical advice by her continued alcohol and tobacco abuse; and (4) Plaintiff repeatedly made inconsistent statements regarding her alcohol use. Tr. 18-20.

While some of the reasons provided by the ALJ for discounting Plaintiff's testimony may be supported by the evidence of record, this matter must be remanded for additional proceedings to remedy defects in light of the ALJ's erroneous determination regarding the medical opinion evidence of record. Accordingly, on remand, the ALJ shall also reconsider Plaintiff's statements and testimony and reassess what statements, if any, are not credible and, if deemed not credible, what specific evidence undermines those statements.

**C.     Step Five**

Plaintiff contends that the ALJ also erred at step five of the sequential evaluation process by failing to apply grid rule 202.01. ECF No. 15 at 12-13. Plaintiff contends that application of grid rule 202.01 would have dictated a finding of disability in this case. *Id.*

The grids are an administrative tool on which the Commissioner must rely when considering claimants with substantially equivalent levels of impairment. *Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir. 1988).

As determined above, the testimony of medical expert Jahnke regarding Plaintiff's physical functional capacity is unclear and so the Court requires further explanation to allow for proper evaluation of the medical evidence. Furthermore, the Court has concluded that the ALJ erred by providing inadequate rationale for according little weight to the physical functioning capacity opinions of examiner Weir. Therefore, the ALJ's RFC determination is not supported by substantial record evidence and requires reassessment. Because Plaintiff's specific characteristics are not clear, the Court cannot determine whether a specific grid rule is applicable. On remand, if the ALJ reaches step five, the ALJ should conduct further analysis regarding whether Plaintiff is disabled upon application of the grids.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for additional proceedings. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

On remand, the ALJ shall seek clarification from Dr. Jahnke about her opinion regarding Plaintiff's physical functional capacity. The ALJ shall additionally reassess the opinions of Drs. Jahnke and Weir, as well as those of reviewing state agency physicians and all other medical evidence of record relevant to Plaintiff's claim for disability benefits. The ALJ shall also develop the record by directing Plaintiff to undergo a new consultative physical examination. The ALJ shall reevaluate Plaintiff's subjective complaints, formulate a new RFC determination, obtain supplemental testimony from a vocational expert, if

necessary, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim. If the ALJ reaches step five, the ALJ shall conduct further analysis regarding whether Plaintiff is disabled upon application of the grids. If the ALJ determines Plaintiff is disabled and her disability involves drug and alcohol abuse ("DAA"), the ALJ shall conduct an additional analysis. *See* 42 U.S.C. § 423(d)(2)(C) ("An individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled."). In that case, the ALJ must then determine whether DAA is "material" to the finding that Plaintiff is disabled, i.e., whether Plaintiff's impairments would disable her independent of the limitations resulting from DAA. 20 C.F.R. §§ 404.1535, 416.935.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED March 23, 2018.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE